# JOHN CLARK

## v.

# JAMES M. BARKER.

1. FORCIBLE ENTRY AND DETAINER — *against whom the action will lie.* In case of a tenant holding over against his landlord, either the tenant, or any person claiming under him, is, by the express provision of the statute, liable to this action.

2. But, in the case of a forcible entry, it is the person who makes it who is liable to the action.

3. Probably, also, the action might lie against any person going in under the person who had made the forcible entry, collusively, with knowledge of such force, and for the purpose of availing himself of it, because such person might be well considered as himself committing the forcible entry.

4. But, where a person has entered into the possession of premises, peaceably and in good faith, as the tenant of a purchaser from one who had previously made a forcible entry, the tenant, or even his landlord, not being a privy to the wrongful act of the grantor, or having any knowledge of it, such occupant is not liable to be turned out by this summary remedy.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. A. G. KIRKPATRICK, for the appellant.

Mr. Jos. K. RIPLEY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of forcible entry and detainer commenced on the 11th of January, 1864, by Clark against Barker. The complaint alleges, that, on the 21st of March, 1857, Clark was in the actual possession of the premises, and on that day H. H. Boggess, N. P. Earp and B. F. Mason made a forcible entry; that Boggess and Earp were agents for Robert Holloway and H. M. Boggess, who claimed some title to the land and had sold it to Mason; that after said entry said parties

placed Mason in possession, and that he continued in possession until March 13, 1861, when, acting in collusion with one William H. Pierce, he sold to the latter and put him in possession, and that Pierce has ever since continued in possession by himself or tenants, and that Barker, the defendant, is his tenant. On the trial, the jury found a verdict for the defendant, on which the court gave judgment, and the plaintiff appealed.

It is unnecessary to consider the questions made by appellant's counsel upon the instructions given on the trial, as it is perfectly manifest, from an inspection of the entire record, that the verdict of the jury was correct, and a different one would have been set aside. Both parties in this case claim the prior possession, and we do not undertake to decide which of them had it. But conceding, as claimed by plaintiff, that he was in actual possession, and that his possession was forcibly invaded, this invasion, as appears by both the complaint and the proof, was committed by Mason in March, 1857. Mason continued to hold the possession thus taken until March, 1861, occupying the house during that time and fencing and cultivating the land. This covered a period of four years. At that time he sold to Pierce and gave him possession, and, on the trial, the deed from him to Pierce, bearing date March 13, 1861, was put in evidence by the defendant. Pierce continued to hold until the commencement of the suit, a period of nearly three years more. The complaint alleges, that the sale from Mason to Pierce was collusive. But on the trial there was not a particle of evidence offered to show this, nor was any attempt made to show, that Pierce had notice of the fact that four years before he went into possession Mason had obtained his possession by force. So far as the record discloses, Pierce and his tenant, the defendant, were utter strangers to all that transaction. How, then, can they be made liable to the action of forcible entry and detainer?

The provision of the statute is: "If any person shall make any entry into any lands, tenements or other possessions except in cases where entry is given by law, or shall make such entry by force, or if any person shall willfully and without force hold

over any lands, tenements or other possessions after the determination of the time for which such lands, tenements or possessions were let to him, or to the person under whom he claims, after demand made in writing for possession thereof, by the person entitled to such possession, such person shall be adjudged guilty of a forcible entry and detainer." Now, in case of a tenant holding over against his landlord, either the tenant or any person claiming under him is by the express provision of the act liable to this action. The relation of landlord and tenant exists, not only between the original parties, but between the landlord and any person claiming under the tenant, so far as may be necessary to enable the landlord to regain possession. But, in the case of a forcible entry, it is the person who makes it who is liable to this action. Probably, also, the action might lie against any person going in under the person who had made the forcible entry collusively, with knowledge of such force, and for the purpose of availing himself of it, because such person might be well considered as himself committing the forcible entry.

But we cannot hold that one taking possession in good faith, and in violation of no law, is liable to be turned out by this summary remedy, because the person from whom he purchases may, years before, have made an entry by force. The action lies against a person guilty of a forcible entry, and how can the purchaser be said to be guilty of an unlawful act of which he has never heard. In order to reach him in this action, the plaintiff must show him to have been in some way privy to the unlawful entry, or to have so acted that he may fairly be considered as adopting it and making the act his own. If we were to hold the contrary rule, the result would be that the honest occupant of land who had entered peaceably and in good faith, would be liable to be visited with a punishment designed only for the wrong-doer. In the present case the alleged forcible entry occurred within three months of seven years prior to the bringing of the suit.

The views we have here expressed are in accordance with

those expressed by this court in *Ballance* v. *Curtenius*, 3 Gilm. 454. The cases are alike in principle.

In the absence of any evidence whatever that this defendant, Barker, or even his landlord, Pierce, was privy to the forcible entry in 1857, if one was made, or that they even had any knowledge of it, the verdict and judgment of the Circuit Court were clearly right.

*Judgment affirmed.*