JOHN LEINDECKER *et al.*

*v.*

ELLA WALDRON.

52  283
25a 624
52  283
44a  65
52  283
55a 344
52  283
79a 267

1. PRIVILEGED COMMUNICATIONS—*what are not.* It is not error to permit an attorney, as a witness, to answer a question, the object of which was merely to ascertain whether the relation of attorney and client actually existed, not what was disclosed to him in that relation. Such question calls for no breach of professional confidence.

2. FORCIBLE ENTRY AND DETAINER—*when sub-tenant can not be dispossessed under a judgment against the tenant.* Where a landlord recovers a judgment in an action of forcible entry and detainer against his tenant, a sub-tenant, who was not a party to such judgment, can not be put out of his possession under the writ, unless he entered *pendente lite.*

3. SAME—*against whom the action will lie.* A sub-tenant is, by the. express provision of the statute, liable to this action, and it has so been held by this court.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The facts in this case are fully presented in the opinion of the court.

Messrs. ASAY & LAWRENCE, for the appellants.

Mr. W. T. BURGESS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass, in which the record shows substantially the following facts : Leindecker had rented a house in Chicago to Granger, and the latter had sub-let the upper story to Mrs. Waldron, the appellee. Some difficulty occurred between Granger and her, from her delay in the payment of rent, and he brought an action of forcible entry and

detainer against her, but was defeated on the trial. His attorney then had an interview with Leindecker, and commenced an action of forcible entry and detainer in his (Leindecker's) name, against Granger, who at once appeared, waived process, and allowed judgment to be entered against himself, the alleged ground being that he had violated a clause in the lease against sub-letting. A writ of restitution was issued and executed, not against Granger, but against Mrs. Waldron, who was not a party to the suit. The constable had several men to assist him, and her furniture, in the course of an hour, was all taken from the house and placed upon the sidewalk, except a piano, which was deposited in a feed-store near at hand. She was a dress maker, and had two daughters and two employees. Her business was, of course, damaged, and this forcible expulsion into the streets seriously affected her health. The whole proceeding was a wrong without even the color of law. The officer, who acted under the direction of the attorney, did not disturb Granger, against whom alone his writ ran, but Granger himself went through the farce of moving a few articles of his furniture from the house, and moving them back again. This suit was brought against both Leindecker and Granger. There have been two trials, in the first of which the plaintiff recovered a verdict for $1700, and in the second for $1000.

No question is made by the appellant's counsel on the instructions, but it is contended that the attorney who conducted these proceedings was not the duly authorized attorney or agent of Leindecker. That question was fully and fairly submitted to the jury upon the instructions, and their finding is, we think, fully sustained by the evidence. The attorney swears he had several interviews with Leindecker before commencing the suit, in which the subject was discussed, and in consequence of those interviews he commenced the suit. After the constable had executed the writ, he locked the rooms and delivered the keys to Leindecker, to whose house he went with Granger. The jury, probably, concluded, and with

good reason, that the entire proceeding was carried through by arrangement between Leindecker and Granger, in order to free themselves from the appellee as a tenant, having failed to accomplish that by an action against her.

It is further objected that, if the relation of attorney and client did exist, the court erred in permitting the attorney, as a witness, to answer the following question: " Who authorized you, if any one, to make out the affidavit and commence the suit?" We do not consider the question open to the objection made. It called for no violation of professional confidence. It asked for no fact revealed in the relation of counsel and client. The attorney had prosecuted a suit in the name of one of the defendants, and the object of the question was merely to ascertain whether the relation of attorney and client actually existed, not what was disclosed to him in that relation.

It is also claimed by counsel for appellant, that a landlord, who has recovered a judgment in an action of forcible entry and detainer against his tenant, may, under the writ, dispossess a sub-tenant, not a party to the suit. Undoubtedly he may, if such sub-tenant has entered pending the suit, but not so if he was previously in possession. The rule may be different in Massachusetts, where the entire law in regard to the action of forcible entry and detainer seems to be administered upon quite different principles from those which have always obtained in this State. Our statute, in terms, contemplates an action against the sub-tenant, and so it has been construed by this court. *Clark* v. *Barker*, 44 Ill. 349 ; *Reed* v. *Hanley*, 45 ib. 41. This court also held in *Brush* v. *Fowler*, 36 Ill. 56, as a principle of universal law, that a person can never be turned out of his possession by virtue of a judgment and execution in a proceeding to which he was not a party, unless he entered *pendente lite*.

The damages are not so excessive as to justify us in reversing the judgment on that ground alone.

*Judgment affirmed.*