JUDITH E. TAYLOR, Plaintiff, *v.* ELDON D. TAYLOR, Defendant.—(JOHN P. GEISMANN, Attorney, Appellant.)

Fifth District   No. 76-70

Opinion filed January 13, 1977.

Donald R. Johannes, of Highland, for appellant.

No brief filed for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, John P. Geismann, attorney at law, represented one Judith E. Taylor in a divorce action. The divorce was granted and Mrs. Taylor was given custody of the sole minor child. Appellant's employment by

Mrs. Taylor terminated when the court entered its final order dated August 7, 1975.

On September 26, 1975, Mr. Taylor, the former husband, filed a petition for rule to show cause and petition to modify decree and notice of these proceedings was sent to appellant. Appellant was not retained by Mrs. Taylor to represent her on this matter, and no service was made on Mrs. Taylor. Neither Mrs. Taylor nor anyone on her behalf appeared before the court with respect to this matter.

On October 17, 1975, Judge Clayton Williams entered an order compelling appellant to reveal the address of Mrs. Taylor to the court for the purpose of obtaining personal service on her.

Appellant challenged the order, arguing that the address of Mrs. Taylor had been given to him with the express understanding he would reveal it to no one, and that compliance with the court order would violate Disciplinary Rule 4-101 of the Code of Professional Responsibility adopted by the Illinois State Bar Association. Furthermore, appellant was well aware that Mr. Taylor had a criminal record which included convictions for armed robbery, assault and other dangerous crimes, and that Mrs. Taylor's reason for requiring appellant not to divulge her address was her genuine fear for the safety of herself and her child.

A hearing was held on December 16, 1975, wherein appellant's motions to rescind the order were denied, and appellant was ordered to reveal Mrs. Taylor's address to the court by December 22, 1975 or be held in contempt of court. Appellant refused to comply. The court has stayed the order of December 16, 1975, pending the outcome of this appeal.

The sole issue presented for consideration on this appeal is whether an attorney may be held in contempt of court for refusing to divulge the address of a former client, communicated to the attorney in the strictest confidence.

■■ The purpose of the attorney-client privilege is to promote freedom of communication among attorneys and their clients by removing the fear of compelled disclosure by the lawyers of confidential information. (*In re Grand Jury Subpoenas Served Upon Field*, 408 F.Supp. 1169 (S.D.N.Y. 1976), 8 J. Wigmore, Evidence §2291 (McNaughton rev. 1961).) The client must be assured that information conveyed in confidence will not be ordinarily disclosed.

However, the attorney-client privilege is not absolute. Arrayed against this consideration is the public interest in obtaining disclosure of every man's evidence. (*In re Grand Jury Subpoena of Stolar*, 397 F.Supp. 520, 524 (S.D.N.Y. 1975); *In re Grand Jury Subpoena served upon Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973).) When these two principles clash a balance must be struck and an appropriate resolution will not be forthcoming by a

wooden application of some general formula. The answer must lie, instead, in an analysis of the particular circumstances giving rise to the problem, ever mindful of the policy considerations which furnish a basis for the two principles. This balancing approach has been adopted in Illinois as reflected in *People ex rel. Hopf v. Barger*, 30 Ill. App. 3d 525, 535-36, 332 N.E.2d 649, 658:

> "The relationship between attorney and client does, of course, invoke policies based on the public interest even though there is no statutory declaration that communications between attorney and client are 'privileged'. The statement of these policies is most often found in cases which discuss the rights to discover information under supreme court discovery rules, and they suggest that the 'privilege' is to be strictly construed as an exception to the general duty to disclose. [Citation.] The rules adopted by the organized bar are another recognition of the lawyer-client relationship from the viewpoint of the lawyer's ethical and legal obligations. The basic question is one of reconciling the policy favoring the disclosure of information with the lawyer's duty to provide effective and ethical legal representation of a client * * *."

The Code of Professional Responsibility has been adopted by the Illinois Bar Association. Of special importance in this case is Disciplinary Rule 4-101 which provides:

> "(A) 'Confidence' refers to information protected by the attorney-client privilege under applicable law, and 'secret' refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.
>
> (B) Except when permitted under DR 4-101 (C), a lawyer shall not knowingly, during or after termination of the professional relationship to his client:
>
>> (1) Reveal a confidence or secret of his client.
>>
>> (2) Use a confidence or secret of his client to the disadvantage of the client.
>>
>> (3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.
>
> (C) A lawyer may reveal:
>
>> (1) Confidence or secrets with the consent of the client or clients affected, but only after a full disclosure to them.
>>
>> (2) Confidences or secrets when required by law.
>>
>> (3) The intention of his client to commit a crime and the information necessary to prevent that crime.

(4) Confidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against accusation of wrongful conduct.

(D) A lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or secrets of a client, except that a lawyer may reveal the information allowed by DR 4-101 (C) through an employee.

■■ A number of cases recognize that if a client's address is conveyed to his attorney in a way that satisfies the requirement of a confidential communication it will be protected from disclosure by the attorney-client privilege. (*In re Grand Jury Subpoenas Served Upon Field*, 408 F. Supp. 1169 (S.D.N.Y. 1976); *In re Grand Jury Subpoena of Stolar*, 397 F.Supp. 520 (S.D.N.Y. 1975); Annot., 16 A.L.R. 3d 1047, 1062 (1967).) As a significant exception to this rule it is generally recognized that, to insure the smooth operation of legal machinery during a *pending action in which he represents a party* whose address is sought, the attorney is obliged to disclose his client's place of residence. Annot., 16 A.L.R.3d 1047, 1051 (1967); 81 Am. Jur. 2d *Witnesses* 246 §214, at 246 (1976).

■■ An examination of the facts in the present case leads one to the conclusion that the address sought falls within the privilege afforded by the general rule, rather than subject to the exception. First of all, in order to trigger the exception the attorney must be representing a party in a pending action. As has been stated above, appellant's employment by Mrs. Taylor terminated when the court entered its final order on August 7, 1975. Furthermore, the original action was no longer pending so far as Geismann was concerned when Mr. Taylor filed his petitions to modify the decree of the court. The petition to modify must be distinguished from an appeal. An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below; it is a proceeding in the original cause and is but a step toward the final adjudication of the original cause (*de Rodulfa v. United States* (D. C. Cir. 1972), 461 F.2d 1240, 1245.) In this case the petition is to seek relief from the decree other than by appeal. It can be reasonably stated that the petition of Mr. Taylor can be considered a new action. Although that new action deals with a prior proceeding, it is "not a continuation thereof," hence, the prior proceeding should not be considered as pending. It would be unreasonable to consider the original action as still "pending," insofar as retention of an attorney is involved. Is the attorney to be considered responsible for every collateral attack that may be brought with respect to a proceeding in which he was involved? Perhaps such an arrangement could be entered into with the client, where the attorney would assume a continuing responsibility, but this is not the situation with the present

case. No one contends that appellant was under any obligation to represent Mrs. Taylor in this subsequent proceeding and the court will not impose such an obligation.

The protection given by the law to communications made during the relationship of attorney and client is perpetual and does not cease with the termination of the suit, nor is it affected by the party ceasing to employ the attorney. 81 Am. Jur. 2d *Witnesses* §214, at 246 (1976).

There are two Illinois cases which have dealt with the issue under consideration. These cases have held, under the facts involved, that the client's address was not protected by the attorney-client privilege. These cases are, however, clearly distinguishable from the case at bar.

In *Leindecker v. Waldron*, 52 Ill. 283 (1869), plaintiff was seeking damages for a forcible entry and detainer action brought against him by two defendants. One of the defendants was represented by counsel and the court ruled that the attorney had to disclose who authorized the forcible entry and detainer action. In that case, the testimony elicited was not to disclose confidential information, not to disclose a client's address, but rather to find out a name to ascertain whether the attorney-client privilege existed at all. It has been held that as a general rule the attorney-client privilege does not extend to the *identity* of an attorney's client. *In re Grand Jury Subpoenas Served Upon Field* (S.D.N.Y. 1976), 408 F.Supp. 1169; *Colton v. United States* (2d Cir. 1962), 306 F.2d 633.

In *Sunga v. Lee*, 13 Ill. App. 2d 76, 83, 141 N.E.2d 63, a suit was filed against nonresident defendants in an action for injuries incurred on premises owned by nonresident defendants. The attorney involved served as defendants' resident attorney and agent for collecting rent. When the attorney was subpoenaed to take his deposition, he refused to answer any question regarding defendants. In this case the court held, "the address of the client, under the circumstances involved in this case, would not be subject to the rule of privilege and the attorney would be required to answer." This case can be distinguished on a number of different points: (1) there was an ongoing, continual relationship between the attorney and the clients in *Sunga*; (2) a pending action was involved wherein it was necessary for service of process that the client's address be divulged; (3) none of the exigent circumstances existed such as danger to the client.

There is a Missouri case involving a very similar factual situation which considers the same issues as the case at bar. In *Ex parte Schneider* (Mo.App. 1927), 294 S.W. 736, 738-39, the court ruled that if a client revealed his address to the attorney confidentially and has not consented to disclosure, the confidence remains in the attorney and he may not be required to disclose the address.

The charge was conspiracy to secret the husband and child of the

plaintiff. The attorney represented the husband in a divorce proceeding. It was the attorney's understanding that the wife intended to bring a charge of abandonment against the husband when she found him. The husband revealed his address to the attorney and specifically instructed the attorney not to give out his address. While the attorney was having his deposition taken by a special commissioner appointed by the court, he refused to answer questions with respect to his client's whereabouts. The attorney was placed in the sheriff's custody until such time as he would disclose the desired information. The court discussed the rationale behind the attorney-client privilege and concluded that the attorney was justified in refusing to disclose the address of his former client.

The court in *Ex parte Schneider* noted:

> "We are not unmindful that there are certain exceptions to the above rule which may be invoked during the pendency of an action, and while the relationship of attorney and client still exists. * * * But, so far as we have been able to determine, whenever the court has directed an attorney to disclose the address of his client, it has been in the very action to which the client was a party during its pendency, while the relationship of attorney and client still existed. * * *" 294 S.W. 736, 738-39.

This case is very similar to the case at bar. The Missouri court accepts the general rule and recognizes the exceptions discussed above and the court reaches the conclusion that the address of the client, communicated in a confidential manner is subject to the attorney-client privilege and the lawyer may not be held in contempt for refusing to divulge such information.

■■ This certainly seems to be a sensible approach. As was mentioned at the outset, there are conflicting interests to consider in a case of this sort. The smooth operation of the judicial system is certainly an interest weighing heavy in the balance. Had this refusal to disclose been designed to frustrate or obstruct the judicial process, certainly the result would be different. But no one has asserted that there was a scheme to frustrate justice here. The communication occurred long before Mr. Taylor brought his action to modify the decree. Perhaps the most important fact is that the confidentiality of the communication was based on Mrs. Taylor's fear of harassment from Mr. Taylor. On June 20, 1975, Mrs. Taylor succeeded in convincing the Madison County Circuit Court that her fear was well founded, and the court refused to compel her to disclose her address to Mr. Taylor.

Unfortunately, this situation arises all too often in a divorce situation. A client in this trying situation should not have to worry about whether or not her lawyer is going to be compelled by a court to disclose information that would threaten her safety and well being. To compel disclosure in

this situation would seriously undermine the ability of attorneys to handle these delicate, explosive situations in the future. If it be urged that including such information under the umbrella of the attorney-client privilege may hamper the operation of the judicial system, the answer is that other methods of obtaining the information sought must be found short of converting an attorney into an unwilling informant.

The order of the Circuit Court of Madison County is reversed.

Reversed.

KARNS and EBERSPACHER, JJ., concur.