THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DOE, Defendant-Appellant.

Second District   No. 76-421

Opinion filed December 28, 1977.

John T. Perry, of Vescelus, Perry & Pollard, of Wheaton, for appellant.

Logan T. Johnston, III, and Steven B. Diamond, Special State's Attorneys for Du Page County, of Chicago, for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Peter W. Ernst, an attorney, brings this appeal from an order of the Circuit Court of Du Page County finding him guilty of contempt of court and imposing a fine of $50. The court also ordered that the caption of its order should refer to defendant Ernst as "John Doe" so as to preserve the secrecy of special grand jury proceedings which were then pending. We have not been advised that it is still necessary to refer to defendant in that manner and have not done so.

This case arose out of a special grand jury investigation of the Du Page County Treasurer's office. Although it is not entirely clear from the record, defendant's brief suggests that during the course of that investigation he was interviewed by a special assistant State's Attorney to whom he gave information relevant to the special grand jury's investigation. Defendant was thereafter subpoenaed by and appeared as a witness before the special grand jury on March 3, and April 26, 1976.

During his appearances before the jury, defendant freely testified that three to six years earlier a personal client, identified only as a Du Page County banker, had consulted with him in his office regarding an unrelated legal matter. He stated that during the consultation the client also told him that the deposit of Du Page County public funds had been offered to a bank in return for favorable terms on a personal loan of money to an associate of the then Du Page County treasurer. Defendant was unable to recall whether his client had told him of an offer which had actually been made to his bank or had told to him of an offer, or rumor of such an offer, made to another bank. In either event, however, defendant stated his client sought advice as to how he should handle such a matter. Defendant testified his understanding from his conversation with his client was that at the time of the consultation there had been no transaction consummated in regard to the offer in question and that he had no knowledge of whether one was thereafter undertaken by anyone.

While defendant did not object to discussing the purported conversation he had with his client regarding these matters, he refused to reveal the identity of his client to the special grand jury when requested to do so, asserting the attorney-client privilege. The special prosecutor petitioned the circuit court for a rule to show cause why defendant should not be held in contempt for his failure to reveal the identity of his client.

The rule was entered, a hearing was held thereon and defendant was found to be in contempt of court.

The sole issue presented for review is whether his assertion of the attorney-client privilege could effectively shield defendant from compulsory disclosure of the name of his client under the facts of this case.

■■ The State's initial contention is that the conversation between defendant and his client on the subject of the deposit of county funds was not one within the scope of the attorney-client privilege, suggesting it involved only some off-the-cuff discussion of a rumor that both had previously heard. The essentials of the creation of the attorney-client privilege and its continued existence have been defined as follows:

> " '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.' 8 Wigmore, Evidence, sec. 2292 (McNaughton Rev. 1961)." (*People v. Adam* (1972), 51 Ill. 2d 46, 48, 280 N.E.2d 205, 207.)

While defendant's recollection of the conversation in question was sketchy at best, we believe it did establish that his client was seeking legal advice as to what his course of conduct should be in the event of such an offer to the client. We, therefore, consider this case in the context that a consultation protected by the attorney-client privilege did take place, leaving for resolution the question of whether the client's name was within the scope of the privilege or must have been divulged when requested by the grand jury.

In *Taylor v. Taylor* (1977), 45 Ill. App. 3d 352, 359 N.E.2d 820, the court stated that:

> "The purpose of the attorney-client privilege is to promote freedom of communication among attorneys and their clients by removing the fear of compelled disclosure by the lawyers of confidential information. (*In re Grand Jury Subpoenas Served Upon Field,* 408 F.Supp. 1169 (S.D.N.Y. 1976), 8 J. Wigmore, Evidence §2291 (McNaughton rev. 1961).) The client must be assured that information conveyed in confidence will not be ordinarily disclosed.
>
> However, the attorney-client privilege is not absolute. Arrayed against this consideration is the public interest in obtaining disclosure of every man's evidence. (*In re Grand Jury Subpoena of Stolar,* 397 F.Supp. 520, 524 (S.D.N.Y. 1975); *In re Grand Jury Subpoena served upon Horowitz,* 482 F.2d 72, 81 (2d Cir. 1973).) When these two principles clash a balance must be struck and an

appropriate resolution will not be forthcoming by a wooden application of some general formula. The answer must lie, instead, in an analysis of the particular circumstances giving rise to the problem, ever mindful of the policy considerations which furnish a basis for the principles." 45 Ill. App. 3d 352, 354-55, 359 N.E.2d 820, 821.

Although the case law in Illinois is sparse in this regard, as a general rule the attorney-client privilege does not extend to the identity of an attorney's client. (*Taylor v. Taylor* (1977), 45 Ill. App. 3d 352, 357, 359 N.E.2d 820, 823; McCormick, Evidence §90, at 185-86 (2d ed. 1972); 97 C.J.S. *Witnesses* §283e (1957); 81 Am. Jur. 2d *Witnesses* §213 (1976); Annot., 16 A.L.R.3d 1047 (1967), wherein *Leindecker v. Waldron* (1869), 52 Ill. 283, 285, is cited as recognizing the general rule.) It is apparent that in balancing public interest in obtaining disclosure of evidence against the purposes of the attorney-client privilege that disclosure of the identity of the lawyer's client is favored. Various reasons for the general rule are found, depending upon the facts of a particular case. It is said that where an undisclosed client is a party to an action his name is not privileged because the opposing party has a right to know with whom he is contending or who is the real party in interest. The privilege has also been denied on the grounds that the court has the right to know that the client whose name is being withheld is actually flesh and blood; otherwise attorneys might conceal information under the privilege without ever having to show that the client, in fact, existed. 81 Am. Jur. 2d *Witnesses* §213 (1976).

Defendant has cited a number of cases which he contends demonstrate that the courts have carved out an exception to the general rule where it appears that the client would be prejudiced in some substantial way if his identity were disclosed. He argues that such an exception should apply here due to the following possible adverse results of disclosure in this case: (1) his client, whom he identified as a banker, may be threatened by economic reprisals; (2) his client may be physically intimidated; (3) his client would face possible annoyance and embarrassment; and (4) disclosure of his client's identity might subject defendant to disciplinary action for revealing a confidence of a client. While we have considered the cases describing exceptions to the rule requiring disclosure of the identity of a lawyer's client (Annot., 16 A.L.R.3d 1047 (1967)), we cannot agree that they support an exception under the facts here.

■■■ Based on this record we find the dangers of disclosure urged by defendant are illusory and speculative at best. The only economic reprisals which come to mind here might be those brought by the former county treasurer to whom defendant referred, but he is no longer in office. Economic pressures have not served to invoke an exception to the general rule any more than have the fears of possible annoyance or

embarrassment suggested by defendant. While in a proper case danger of physical harm to a client if his identity is disclosed would be considered as a basis for an exception to the rule, such is not the case here. Defendant testified before the grand jury that he was aware of no danger of physical harm to his client should his identity be disclosed. Finally, disclosure or the identity of his client, if required by law, would not subject defendant to disciplinary action. (See Illinois State Bar Association Code of Professional Responsibility, Disciplinary Rule 4-101(C) (1970).) We note here that defendant has already disclosed a purported conversation with his client, which he did not resist, and there is no issue before us as to that matter. We are concerned here only with the question of whether defendant may be required to disclose the identity of his client. The general rule favors disclosure of a client's identity, when directed to do so by a court, and deviation from that rule would not be warranted on the facts of this case.

The cases cited by defendant, in which nondisclosure was permitted, are not supportive of his position. *In re Kaplan* (1960), 8 N.Y.2d 214, 203 N.Y.S.2d 836, 168 N.E.2d 660, is distinguishable because there the attorney had been passing on information to an investigator which he had received from an unnamed client purportedly at the request of the client. Additionally, the court believed the client had a legitimate fear of reprisals. The thrust of the decision, which held the attorney need not disclose his client's name, seemed to be that the client's communication to the attorney was in aid of a public purpose to expose wrongdoing rather than to conceal wrongdoing. We cannot agree with defendant that the case at bar is similar.

The other cases cited by defendant demonstrate that disclosure has not been required in certain limited situations where it might incriminate the client. (*Ex parte Enzor* (1960), 270 Ala. 254, 117 So. 2d 361; *Ex parte McDonough* (1915), 170 Cal. 230, 149 P. 566; *People v. Doe* (1924), 226 Mich. 5, 196 N.W. 757.) Even if we were to accept the logic of these cases, they are not persuasive here where defendant testified before the grand jury that he was unaware of any actions on his client's part which would incriminate him if his name were revealed and that his client had told him he did not wish his name revealed to the grand jury simply because "[h]e doesn't want to get involved." There is no suggestion in this case that defendant's client would be incriminated should his name be revealed.

For the foregoing reasons we affirm the order of the trial court finding defendant to be in contempt and imposing a $50 fine.


Affirmed.


BOYLE and GUILD, JJ., concur.