WILLIAM G. MISTLER *et al.*, Plaintiffs-Appellees, *v.* VINCENT P. MANCINI *et al.*, Defendants.—(George G. Zanders, Appellant.)

Second District   No. 82—324

Opinion filed December 22, 1982.—Rehearing denied January 25, 1983.

Douglas R. Carlson, Thomas E. Patterson, and William A. Holmquist, all of Wildman, Harrold, Allen & Dixon, of Chicago, and William G. Rosing, of Rosing, Carlson & Magee, of Waukegan, for appellant.

John M. Mullen, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

George G. Zanders appeals the denial of a motion to quash a subpoena for his deposition. The appellees, William G. Mistler and Bennett & Bauer, Inc., a California corporation, are plaintiffs in an action pending in California who sought to take Zanders' deposition. The issue is whether the plaintiffs should be permitted to take Zanders' deposition.

The action in California was brought by the plaintiffs against Vincent P. Mancini, Donald White, Douglas Shannon, Mancini & Groesbeck, Inc., California, a corporation, Mancini & Groesbeck, Inc., a corporation, Standard Brands, Inc., a corporation, and CHB Foods, a corporation. The complaint alleged that plaintiffs Bennett & Bauer, Inc. (d/b/a Marketing Associates, Inc., prior to May 1, 1978), was a corporation that represented the manufacturers and distributors of brand name food and other products sold to consumers at supermarkets and other retail outlets. Bennett & Bauer promoted the products, solicited and placed orders from supermarket chains, and received a commission on those products sold by the stores. In April 1978, the plaintiffs entered into an agreement to form a joint venture with defendants Mancini, Mancini & Groesbeck, Inc., California, and Mancini & Groesbeck, Inc. The agreement was allegedly breached by the·

defendants, who discontinued the joint venture. The plaintiffs sought damages for breach of contract, requested an accounting, and set out a count of fraud. The complaint also contained a count of unfair competition, based on interference with contracts and prospective business advantage, against those three defendants as well as Donald White and Douglas Shannon. The final count, for conspiracy to breach contract and destroy the plaintiffs' business, was directed at defendants Mancini, White, Shannon, Standard Brands, Inc., and CHB Foods. The California suit was filed on February 3, 1981.

On May 19, 1981, the plaintiffs filed a petition in the circuit court of Lake County seeking authorization of a *subpoena duces tecum* for the deposition of Zanders. The court directed its clerk to issue a *subpoena duces tecum* for the deposition to be taken on May 26, 1981. The record contains no copy of the subpoena, but its service is not disputed. Zanders moved to quash the subpoena. He contended that his testimony was not relevant or material to the California action and stated that he would be unduly burdened and unnecessarily harassed if the deposition were taken. His supporting memorandum stated that he was a consultant to food manufacturers and food brokers and when called upon would recommend a local broker to a manufacturer. By agreement between Mancini and himself, he received a 10% finder's fee commission on orders booked by the joint venture of the parties through California Home Brands (now CHB Foods). After the joint venture terminated, CHB continued its relationship with Mancini and was represented by his new brokerage entity. In a pleading opposing the motion to quash the subpoena, plaintiff Mistler states that Zanders was entitled to receive a commission from the joint venture of 10% of all gross brokerage accounts that he brought to the joint venture, one of which was CHB, which is now a client of defendants Mancini and Mancini & Groesbeck. The trial court denied Zanders' motion to quash but stayed its order pending appeal.

██ █ The plaintiffs contend that Zanders is barred by *laches* from filing or prevailing on the motion to quash the *subpoena duces tecum* for his deposition in that he did not file it until nearly a year after the subpoena was served and thus caused the plaintiffs substantial and unnecessary expense in their continuing effort to secure the deposition. However, Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)) provides that reasonable costs may be assessed against a party or his attorney who unreasonably fails to facilitate discovery. Thus there is an appropriate remedy for the losses the plaintiffs claim. Mere delay in asserting a right does not constitute *laches*; it must also appear that the party so claiming has been injured or prejudiced by the delay.

(*Brandt v. Phipps* (1947), 398 Ill. 296, 313.) Since the plaintiffs have not asserted any other prejudice or injury, *laches* does not bar Zanders' motion.

■ However, it appears that Zanders' motion should not have been considered by the trial court in that it did not comply with Supreme Court Rule 201(k). That rule states:

> "Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." (87 Ill. 2d R. 201(k).)

In *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, our supreme court held that, in the absence of a statement complying with Supreme Court Rule 201(k) or any indication that consultations similar to those required took place or were attempted, a motion concerning discovery should be dismissed. (83 Ill. 2d 559, 566.) This facilitates the intention of Supreme Court Rule 201(k) that discovery generally proceed without judicial intervention. (83 Ill. 2d 559, 563.) In the instant cause, the requisite statement of Supreme Court Rule 201(k) is not included, nor is there any other indication that the parties conferred in an effort to resolve their disagreement prior to seeking a court determination. The series of continuances of the deposition that preceded the motion to quash simply evidence a difficulty in scheduling and do not necessarily infer an inability to agree on the propriety of deposing Zanders. Presumably, the "parties" referred to in Supreme Court Rule 201(k) are those to the discovery motion and not necessarily the parties to the underlying litigation. Thus, it appears that Zanders' motion to quash was not properly presented and should have been dismissed for failure to comply with Supreme Court Rule 201(k). See *Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27.

■ Even if the motion had been tendered in proper form to the trial court, however, the trial court's ruling was correct. Discovery in Illinois in aid of an action pending in another State must be conducted pursuant to Illinois rules. (*Eskandani v. Phillips* (1975), 61 Ill. 2d 183, 194—and such a discovery order is a final and appealable order.) In addition to providing for discovery from other parties by motion or written request, the rules also provide a party the means to discover relevant matter from third persons through the use of subpoenas. (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 674.) The cases overwhelmingly favor liberal discovery procedures.

The purposes of litigation are best served when each party knows as much about the controversy as is reasonably practicable. The objectives of pretrial discovery are to enhance the truth-seeking process,

making good faith compliance with such procedures both desirable and necessary (*Drehle v. Fleming* (1970), 129 Ill. App. 2d 166, 171, *aff'd* (1971), 49 Ill. 2d 293); to enable attorneys to better prepare and evaluate their cases (*Biehler v. White Metal Rolling & Stamping Corp.* (1975), 30 Ill. App. 3d 435, 442); to eliminate surprises as far as possible (*McCabe v. Department of Registration & Education* (1980), 90 Ill. App. 3d 1123, 1131, *appeal denied* (1981), 83 Ill. 2d 570, *cert. denied* (1981), 454 U.S. 838, 70 L. Ed. 2d 119, 102 S. Ct. 143) so that judgments will rest upon the merits and not upon the skillful maneuvering of counsel (*Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 356); and to promote an expeditious and final determination of controversies in accordance with the substantive rights of the parties (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 357). Discovery is not a tactical game to be used to obstruct or harass the opposing litigant. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 282.) The rules make it clear that discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing in the trial court. Furthermore, the increasing complexity and volume of litigation involves frequent recourse to discovery procedures. To unduly limit their scope would inhibit pretrial settlements, increase the burden of already crowded court calendars, and thwart the efficient and expeditious administration of justice. (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 357.) Discovery before trial presupposes a range of relevance and materiality which includes not only what is admissible at trial but also that which leads to what is admissible at trial. (*Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 175.) Thus, great latitude is allowed in the scope of discovery. *Elliot v. Board of Education* (1975), 31 Ill. App. 3d 355, 357.

However, the discovery rules also fix guidelines for a fair and orderly procedure by which discovery may be accomplished and protect against abuses and unfairness. (*Bruske v. Arnold* (1968), 100 Ill. App. 2d 428, 433, *aff'd* (1969), 44 Ill. 2d 132, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697.) Supreme Court Rule 201(c) (87 Ill. 2d R. 201(c)) provides that a court may make a protective order regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. The right to discovery is also limited to disclosure regarding matters relevant to the subject matter involved in the pending action. (*Harris Trust & Savings Bank v. Joanna-Western Mills Co.* (1977), 53 Ill. App. 3d 542, 557; 87 Ill. 2d R. 201(b)(1).) Discovery should be denied where there is insufficient evidence that the requested discovery is relevant. (*M. Loeb Corp. v.

*Brychek* (1981), 98 Ill. App. 3d 1122, 1126, *appeal denied* (1981), 85 Ill. 2d 578.) The trial court has broad discretion in ruling on discovery matters, and its orders concerning discovery will not be interfered with on appeal absent a manifest abuse of such discretion. (*Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 74.) An affirmative showing of abuse must be clearly shown by an appellant. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 644.

■ Here, the plaintiffs demonstrated and Zanders conceded that Zanders had dealt with the joint venture of the parties and continued to deal with the defendants following the breakup of the joint venture. In light of the liberality of the Illinois rules in favor of permitting discovery, this is an adequate connection to the subject of the litigation to support a request for discovery. If Zanders indeed knows nothing, that may be appropriately ascertained through his deposition. Such an assertion should not operate to preclude his being deposed, however, given his business relationship with the parties. The cases Zanders relies on deal primarily with whether particular information must be disclosed and not whether a deposition may be taken at all. A request to take a deposition is not of itself an inquiry about specific information; rather, it is a means of obtaining an opportunity to make such inquiries. Zanders further argues that the taking of his deposition would be unduly burdensome to him in that it would reveal confidential and proprietary information, disclosure of which would damage his business interests and be advantageous to the plaintiffs. However, any objectionable questions that may be asked by the plaintiffs may be dealt with as they arise. Furthermore, Zanders has the benefit of a protective order prohibiting the divulgence of questions or answers propounded to the deponent, without further order of court. Thus, the trial court did not abuse its discretion in granting discovery.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

LINDBERG and NASH, JJ., concur.