CURTIS BROSTRON, Plaintiff-Appellee and Cross-Appellant, v. FLOYD C. WARMANN, Defendant (Becker Brothers, Inc., *et al.*, Movants-Appellants and Cross-Appellees).

Third District   No. 3—88—0835

Opinion filed September 12, 1989.—Rehearing denied November 27, 1989.

Daniel L. Johns and James D. Broadway, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellants.

James R. Carter, of Hafele, Thiemann & Associates, of Peoria, and Leonard Vines, of Vines, Jones, Ross, Kraner & Rubin, of St. Louis, Missouri, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The nonparty movants, Becker Bros., Inc. (Becker), an Illinois construction firm, and Vickie W. Kovski (Kovski), its employee, appeal from an order of discovery entered in aid of an action pending in another jurisdiction. 107 Ill. 2d R. 204(b).

The facts of that action are not in dispute: In August of 1983, the plaintiff, Curtis Brostron (Brostron), and the defendant, Floyd C. Warmann (Warmann), entered into a general partnership to develop a nursing home project in Cedar Hill, Missouri. In turn, Warmann, as managing partner, entered into a contract with Becker to construct the project. In January of 1987, the general partnership was terminated through the separate sales of the individual interests of Brostron and Warmann. Following the termination of the general partnership, Brostron filed an action against Warmann in the circuit court of

St. Louis County, Missouri. The action alleged, *inter alia*, Warmann breached the partnership agreement, and its attendant fiduciary duties, in entering into the contract with Becker for a "sum grossly in excess of the actual costs of construction." As relief, Brostron sought an accounting for an equal share of the general partnership assets, attorney fees, court costs, and punitive damages.

On July 28, 1988, as part of the pretrial discovery in the Missouri action, Brostron filed a petition to order discovery against Becker and its employees in the circuit court of Peoria County, Illinois. (107 Ill. 2d R. 204(b).) The circuit court allowed the petition on August 11, 1988. On August 22, 1988, pursuant to that petition, Brostron served Kovski with discovery subpoenas for both her deposition and the financial documents of Becker on the nursing home project.

On September 6, 1988, Becker and Kovski responded with a motion to quash, or otherwise limit, the discovery subpoenas. The motion set forth four alternative objections to the discovery subpoenas: (1) the discovery requests were overly broad in nature; (2) the requested financial documents and information were irrelevant to the issues in the pending action; (3) the documents would disclose confidential and private information (see Ill. Rev. Stat. 1987, ch. 140, par. 351 *et seq.*); and (4) production would be unduly burdensome.

On November 21, 1988, following argument on the motion, the circuit court limited the discovery subpoenas on the basis the requested financial documents would disclose information properly protectable as a trade secret. (Ill. Rev. Stat. 1987, ch. 140, par. 351 *et seq.*) Despite this limitation, the circuit court ordered discovery of financial documents and information relevant to the issues in the pending action. Lastly, the circuit court entered a protective order restricting access, reproduction, and retention of all financial documents and information so disclosed in that action.

On December 19, 1988, Becker and Kovski filed notice of appeal from that order of discovery. On December 29, 1988, Brostron filed notice of cross-appeal from the same order. He has since withdrawn the cross-appeal.

The issue on appeal is whether the circuit court abused its discretion in ordering disclosure of all documents and information on the "gross profits" earned by Becker in constructing the nursing home project.

Resolution of the issue on appeal rests with the application of the Illinois Trade Secrets Act (Act). (Ill. Rev. Stat. 1987, ch. 140, par. 351 *et seq.*) The Act provides:

" 'Trade secret' means information, including but not limited

to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, *financial data,* or list of actual or potential customers or supplies, that:

(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 140, par. 352(d).)

Given this definition, the gross profit (*i.e.,* "the difference between the amounts received by [Becker] and its costs and expenses [in constructing the nursing home project]") documents and information at dispute appear to be properly protectable as trade secrets.

The protections of the Act are not absolute. The Act provides:

"In an action under this Act, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." (Ill. Rev. Stat. 1987, ch. 140, par. 356.)

Accordingly, discovery of the disputed financial documents and information is not automatically foreclosed.

Brostron contends the issue on appeal is moot. He bases this contention on the inadvertent production of a document disclosing the purported gross profits earned by Becker in constructing the nursing home project.

In response, Becker and Kovski contend the protections of the Act were not waived through the inadvertent production of the disputed financial documents and information. (See *Duplan Corp. v. Deering Milliken, Inc.* (4th Cir. 1976), 540 F.2d 1215; *Mendenhall v. Barber-Greene Co.* (N.D. Ill. 1982), 531 F. Supp. 951; *Transamerica Computer Co. v. International Business Machines Corp.* (9th Cir. 1978), 573 F.2d 646.) Waiver of the protections of the Act is not at issue in this action. Indeed, the circuit court accorded due recognition to the Act in entering a protective order restricting access, reproduction, and retention of all disputed financial documents and information produced through discovery in the pending action.

■■ The existence of an actual controversy is essential to the exercise of appellate review. "[W]here a reviewing court has notice of facts which show that only moot questions *** are involved, it will

dismiss the appeal \*\*\* even though such facts do not appear in the record." *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379, 121 N.E.2d 486, 488.

An issue becomes moot on appeal when events occur which would prevent the appellate court from granting effective relief to any party in the action. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 250, 384 N.E.2d 1309, 1311.) In this action, such an event occurred when counsel of Becker and Kovski inadvertently produced the disputed financial documents and information, at least in part, for review by counsel of Brostron. At this point, we can do nothing to erase all knowledge of the gross profits earned by Becker in constructing the nursing home project from the minds of counsel of Brostron. (See *Schnepper v. American Information Technologies, Inc.* (1985), 136 Ill. App. 3d 678, 483 N.E.2d 987.) We find the issue on appeal to be moot, and elect to dismiss this appeal.

Even assuming the issue on appeal is not moot, however, Becker and Kovski could not prevail in this action. In Illinois, the circuit court is vested with wide discretion in ruling on all matters of pretrial discovery. (107 Ill. 2d Rules 201 through 222; *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 192, 226 N.E.2d 6, 13.) Absent a manifest abuse of discretion, the pretrial discovery rulings of the circuit court will not be interfered with on appeal. *Snyder v. Lowrey* (1986), 141 Ill. App. 3d 30, 32-33, 489 N.E.2d 899, 901.

The purpose of pretrial discovery is to ascertain the truth about the legal controversy to expedite its disposition in the circuit court. (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 361, 221 N.E.2d 410, 417; see also *Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 231-32, 443 N.E.2d 1125, 1128.) In accordance with this purpose, the circuit court may authorize pretrial discovery of "any matter relevant to the subject matter involved in the pending action." (107 Ill. 2d R. 201(b)(1).) The concept of relevance in discovery is much broader in scope than for the admission of evidence at trial. (*Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 175, 385 N.E.2d 886, 890.) Pretrial discovery "presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial." (*Krupp v. Chicago Transit Authority* (1956), 8 Ill. 2d 37, 41, 132 N.E.2d 532, 535.) Even after determining the pretrial discovery request is relevant, however, the circuit court must still balance the needs of truth with the burdens of production through the entry of any protective order appropriate to the action. (See *Cohn v. Board of Education of Waukegan Township High School District No. 119* (1970), 118 Ill. App. 2d 453, 457, 254 N.E.2d 803,

805.) Thus, the circuit court would have abused its discretion only in authorizing pretrial discovery of a matter irrelevant to the legal controversy in the pending action. *M. Loeb Corp. v. Brychek* (1981), 98 Ill. App. 3d 1122, 1125-26, 424 N.E.2d 1193, 1196-97.

Our review of the pretrial discovery rulings of the circuit court is limited by the failure of Becker and Kovski to include a transcript of the argument on their motion to quash, or otherwise limit, the discovery subpoenas in the record on appeal. (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 623-24, 394 N.E.2d 527, 535; see also 107 Ill. 2d R. 323(a) (duty of appellant to "include all the evidence pertinent to the issues on appeal").) In the absence of such a transcript, we must presume the circuit court did not abuse its discretion in ordering disclosure of all documents and information on the gross profits earned by Becker in constructing the nursing home project. See *Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 678, 403 N.E.2d 1, 14.

We express no opinion as to any additional information sought as to this project or other Becker projects. Future discovery requests must be decided on their own merit.

Appeal dismissed.

LUND and SPITZ, JJ., concur.