**Etta Mae Webb, Plaintiff-Appellee, v. Quincy
City Lines, Inc., Defendant-Appellant.**

**Gen. No. 10,694.**

Fourth District.

July 25, 1966.

Rehearing denied August 23, 1966.

Moran, Klockau, McCarthy, Schubert & Lousberg, of
Rock Island (Frank G. Schubert and Robert L. Ellison,
of counsel), for appellant.

Pollock & Ennis, of Quincy (John T. Ennis, of counsel),
for appellee.

SMITH, J.

This case presents a twofold proposition: (a) Is tes-
timony of plaintiff's psychiatrists admissible in a per-
sonal injury suit when offered by the defendant or is it
privileged under our statute, and (b) if it is privileged,
does plaintiff waive the privilege when she seeks dam-

ages for pain and suffering in a personal injury suit? An affirmative answer to (b) makes a positive answer to (a) unnecessary.

■ At the outset we pause to observe that counsel have made some personal observations about each other in the briefs. The all too frequent occurrence of this practice causes us to observe that we necessarily conclude that they are probably both right and the printing of such matter is an expensive exercise for their clients without any observable benefit to this court. We would caution that, in an appropriate case, briefs might be stricken sua sponte.

The statute, Ill Rev Stats 1965, c 51, § 5.2, so far as here pertinent reads as follows:

> "In civil and criminal cases, in proceedings preliminary thereto, and in legislative and administrative proceedings, a patient or his authorized representative and a psychiatrist or his authorized representative have the privilege to refuse to disclose, and to prevent a witness from disclosing, communications relating to diagnosis or treatment of the patient's mental condition between patient and psychiatrist, or between members of the patient's family and the psychiatrist, or between any of the foregoing and such persons under the supervision of a psychiatrist in the accomplishment of the objectives of diagnosis or treatment.

> "There is no privilege under this Section for any relevant communications

> "(a) . . . .

> "(b) . . . .

> "(c) in a civil or administrative proceeding in which the patient introduced his mental condition as an element of his claim or defense or, after the patient's death, when his mental condition is intro-

duced by any party claiming or defending through or as a beneficiary of the patient. . . ."

Plaintiff was injured in her shoulder and arms when caught in defendant's bus door. She alleged that she is "sick, sore, lame and disordered and permanently injured." Both she and her physician testified to her pain and suffering. Dr. Manfred Kydan, a licensed physician, specializing in psychiatry, was called in as a consultant by her attending physician. He was not called by plaintiff as a witness. When called by the defendant, plaintiff's counsel objected to testimony as to the results of the doctor's examination because it was privileged under our statute. This objection was sustained and an offer of proof rejected. The offer of proof shows the doctor would have testified substantially as follows:

"This 51 year old woman appears somewhat hostile and mildly depressed, however, she is rational and relevant and responds quite readily during the interview. I do not see evidence of deepseated pathology. We are probably dealing with an adult situational reaction. Patient had been involved some time ago in an accident whose after-effect she apparently magnifies and derives some unconscious secondary gain from some degree of invalidism, however, I do not see any need for extensive further care in the hospital from the psychiatric point of view. Patient might benefit from some psychological counseling, however, has no insight into the aspects of her situation and probably will not accept the help of a psychiatrist."

Defendant first urges a construction of the phrase "mental condition" to include any state of mind or feeling in a patient including pain and suffering; that by presenting testimony of her pain and suffering, plaintiff put her "mental condition" into issue as an element

of her claim and in so doing is squarely within § 5.2 which bars the claim of privilege where mental condition is an element of the claim or defense. Stated another way she has waived her privilege. To hold otherwise, it is said, is to exclude evidence indicating a malingering and exaggerating plaintiff without corresponding public benefits. In a well considered opinion, the trial court held that the privilege statute applied, excluded the testimony of the psychiatrist and observed that the beneficent purposes of psychiatry can only be fully realized when the patient knows that what is revealed in the evaluation conferences or communications are free from judicial scrutiny only when she and her psychiatrist have failed to claim the privilege or have made "mental condition" a part of the claim or defense affirmatively. Does a claim for pain and suffering waive the privilege or ipso facto place the mental condition of plaintiff in issue? We think not.

One's condition is one's state of health. We refer to the physical or mental condition of an individual and usually mean the state of health of one's body or mind, as the case may be, or both, if we so specify. Recognizing as we do the intertwining of both and the correlative effect of the one on the other, we find it difficult to conclude that one undergoing pain and suffering suffers deterioration in mental condition. Nor do we think that in either alleging or considering pain and suffering originating in physical trauma we ipso facto have trauma affecting the mentality. We would further note that the legislature differentiates between the general physician-patient statute, Ill Rev Stats 1965, c 51, § 5.1, and the psychiatrist-patient statute by providing that in any conflict between the two, the provisions of § 5.2 shall control. We think we are under compulsion, therefore, to read § 5.2 literally and to hold that the privilege exists unless "mental condition" is specifically made a part

of either the claim or defense. It was not so placed in issue here.

Practical considerations are persuasive. Exaggerations of pain and suffering, no matter how well intentioned, and ballooning of personal injuries, no matter how honestly believed, are frequently the common denominator of personal injury suits. To now open a Pandora's box of inquiry into the mental condition of the claimant where it is not specifically made a part of the claim or defense is to permit time consuming excursions into the hinterlands of speculation and to lose sight of the main event in the big tent while fiddling around with the side shows. Definitive issues are the necessary forerunner of an expeditious and efficient trial. Pain and suffering to a greater or less degree is the common experience of mankind. Juries understand it. We doubt that any psychiatric apple polishing will aid it nor that psychiatrics have any safer yardstick than now employed —except where mental well being is specifically an issue and is made so by the pleadings.

It is clear, therefore, that the objection to the offered testimony was properly sustained and that the plaintiff by her pain and suffering has not waived the privilege granted to her by the statute. Having answered both issues in tandem the judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.