OPINION OF THE COURT
Martin B. Stecher, J.
Israel Burgos is a learning disabled child. As plaintiff, he, through his guardian, contends that the disability is a consequence of the negligent care rendered by the defendants in the “prenatal, labor and delivery stages” of his birth “and thereafter.” The moving defendants assert that the defects are genetic. They seek to compel authorization to inspect school records concerning the infant plaintiff as well as records of the East Harlem Health Center and Doctors Montoya and Finkelstein. On oral argument, the requests concerning these two physicians were withdrawn.
Additionally, the moving defendants seek hospital birth records for the infant plaintiff’s siblings and records concerning tubal ligations performed on the infant plaintiff’s mother who is not a party to this action.
The application is granted with respect to the infant plaintiff. Any record bearing on his medical, educational or *226 social history is relevant to this action and no privilege may be asserted with respect thereto. By bringing this action, his privilege was waived.
The requests concerning the medical histories of the infant plaintiff’s siblings are denied. The moving defendant places great emphasis on CPLR 3101 (subd [a]). CPLR 3101 (subd [b]) is ignored; but it prohibits the disclosure of privileged matter. These records are privileged (CPLR 4504, subd [a]). Clearly, such records may be material, even necessary to the defendants’ case. Failure to obtain such information may work an injustice on the defendants. On the other hand, disclosure of the information will invade the privacy of the siblings. The Legislature has elected between these conflicting interests: “Upon objection by a party privileged matter shall not be obtainable” (CPLR 3101, subd [b]).
Similar reasoning applies to Mrs. Burgos, the infant plaintiff’s mother, with one exception: the period during which the infant plaintiff was in útero. During such period there could be no severance of a mother from child. Neither can we sever the infant’s prenatal history from the mother’s medical history during that period. As the infant’s privilege has been waived we cannot allow the mother’s privilege to be interposed to the defendants’ right to all of the infant’s medical history. This is particularly true in light of Mrs. Burgos’ voluntary testimony by deposition before trial concerning Israel’s birth and prenatal period. I do not read into her testimony, however, a waiver of any other privilege she has involving her physicians.
The cross motion to suppress information “improperly obtained” (CPLR 3103, subd [c]) is denied. The defendants have adequately demonstrated that their information concerning the other siblings was contained in the hospital record of the infant plaintiff’s birth.
Settle order consistent with the foregoing.