OPINION OF THE COURT
Bentley Kassal, J.
This is a wrongful death action based upon alleged medical malpractice by decedent’s psychiatrist and the hospital wherein he received psychiatric treatment. Shortly after his discharge, he committed suicide. The plaintiff is the widow and legal representative of the decedent. Defendant contends that plaintiff’s psychiatric history and emotional relationship with the decedent are also at issue herein.
ISSUE
Does the commencement of this action by plaintiff, as a distributee and personal representative of the decedent’s estate constitute a waiver of her doctor-patient privilege in regard to her own mental and physical condition?
DECISION
CPLR 4504 (subd [a]) states that the doctor-patient privilege is to apply “[ujnless the patient waives the privi *733 lege”. There is a waiver effected by a plaintiff bringing an action where plaintiff’s physical condition is in issue. (Burgos v Flower & Fifth Ave. Hosp., 108 Misc 2d 225.) However, absent a waiver of this privilege, the medical records, even if they may be relevant and material, are not subject to disclosure (supra, p 226).
I carefully note the clear distinctions made by Mr. Justice Stecher in the Burgos case (supra), between the medical histories of (a) the infant plaintiff, which was disclosed, (b) the plaintiff’s siblings, disclosure of which was denied, and (c) the mother of the infant, which was allowed to be disclosed in part only. Mrs. Burgos’ personal medical history during the period the infant was in útero was disclosed, since there could be “no severance of a mother from child” (supra, p 226). But, the court firmly stated that, with that exception, there was no waiver of any other privilege involving Mrs. Burgos’ physicians.
Analysis of the instant case does show that the plaintiff’s status is (1) as a nominal party, as a legal representative, and (2) an actual party, as a distributee under EPTL 5-4.1. These factors alone are insufficient to overcome the strong public policy underlying the doctor-patient privilege in CPLR 4504 (subd [a]). The defendant has not otherwise sustained the heavy burden of proof necessary to spell out a waiver.
As a matter of fact, if one were to carry defendants’ logic to its terminus, the medical and psychiatric records of all of the distributees and other relatives of the decedent should similarly be subject to disclosure since these records might be material and relevant in regard to the relationship of these persons to the decedent and the possible impact they had upon him.
Defendant Kalinowsky has failed to discharge his burden to establish that plaintiff has placed her physical and/or psychiatric condition in issue in this medical malpractice action and thereby waived the privilege. A review of defendant’s motion papers, together with the exhibits annexed thereto, fails to reveal one instance in which plaintiff placed her psychiatric condition in issue by “bringing this action for the benefit of herself and her sons.”
*734 Defendant argues that plaintiff’s psychological condition is in issue because (a) plaintiff seeks recovery of funeral and legal expenses, as well as damages for loss of services; (b) plaintiff claims she was dependent upon decedent for support and seeks to recover for loss of earnings and “loss of inheritance”; and (c) plaintiff supplied defendant Dr. Kalinowsky with decedent’s medical and psychiatric history, including his complaints about his “problems at home”, and spoke with the doctor “almost on a daily basis”.
Defendant’s arguments that any combination of these factors amounts to plaintiff’s having placed her condition in issue are neither persuasive nor supported by the operative facts in this case.
For these reasons, plaintiff’s motion for a protective order is granted prohibiting (1) disclosure of her medical and/or psychiatric records and (2) any further deposition of plaintiff.