451 So.2d 1051 (1984)
Virginia Anne DAVIDGE, Appellant,
v.
Ronald Vaughn DAVIDGE, Appellee.
No. 83-1761.
District Court of Appeal of Florida, Fourth District.
June 27, 1984.
Andrew M. Chansen, Boca Raton, and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Michael A. Viscomi of Farish, Farish & Romani, West Palm Beach, for appellee.
ANSTEAD, Chief Judge.
This is an appeal by the wife, Virginia Davidge, of an order granting the husband, Ronald Davidge's motion to vacate a prior judgment approving a property settlement agreement. Among other issues, the wife contests the preclusion of testimony of an expert witness as to the husband's mental condition.[1] We reverse.
In post-dissolution proceedings, the husband sought to set aside a prior settlement agreement alleging as one of the grounds that he had been emotionally and mentally incapable of entering into a valid contract. At the trial, the husband presented substantial expert and lay testimony concerning his mental condition before, during and after the time of execution of the agreement. *1052 However, the court refused to allow the wife to present the testimony of a psychiatrist who had treated both the parties shortly before the agreement was executed.
In Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976), this court held that a parent, by seeking child custody in a dissolution proceeding, did not automatically thereby waive the psychiatrist-patient privilege contained in section 90.242, Florida Statutes (1975). In that case, we held that the testimony of a treating psychiatrist could not be compelled, but that the court retained the authority to order a psychiatric examination of a parent seeking custody because the mental health of a parent is a proper factor to be considered in a custody determination. Significantly, the majority opinion also noted:
The trial court would be faced with an entirely different situation if the wife should offer the testimony of her treating psychiatrist to prove her mental condition. In that event the door would have been opened and the privilege waived.
336 So.2d at 657.
Section 90.503, Florida Statutes (1983), the successor statute to the one under consideration in Roper, provides in subsection (4)(c) that there is no privilege from disclosure:
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense... .
We believe the exception envisioned by section 90.503(4)(c) and noted in Roper is before us now.
The husband specifically relied on his mental or emotional condition as the grounds for seeking relief from the prior marital settlement agreement. He presented substantial expert and lay evidence on his mental condition, including the testimony of treating experts. Under these circumstances, we believe the waiver provisions of section 90.503(4)(c) apply. Under this section, the husband cannot on the one hand specifically utilize his impaired mental condition as grounds to set aside an agreement, and, on the other, invoke a privilege to prevent his wife from eliciting testimony as to that condition from the psychiatrist who was actually treating him nearest in time to the event in question, i.e., the execution of the agreement. The fact that the wife here, as the husband in Roper, had the right to seek a court-ordered psychiatric examination of the husband, does not alter the fact that a waiver has been demonstrated.
Because we believe a new trial must be conducted, we do not rule on the other errors asserted. We do note, however, that the trial court erroneously awarded attorney's fees to the husband predicated upon the fact that he was the prevailing party. That is not the proper test in dissolution or post-dissolution proceedings, and should not be utilized to resolve the issue upon retrial.
Accordingly, we reverse and remand for further proceedings in accord herewith.
DOWNEY and DELL, JJ., concur.
NOTES
[1] The trial court also refused to allow the wife to make a proffer of the treating psychiatrist's testimony.