WIMBERLY RESORTS
PROPERTY, INC., Relator,

v.

The Honorable Robert T. PFEUFFER,
Judge, Respondent.

No. 14410.

Court of Appeals of Texas,
Austin.

April 10, 1985.

Rehearing Denied May 1, 1985.

**28**

Steve Peery, Brown, Maroney, Rose, Barber & Dye, Austin, for relator.

Bob Roberts, Roberts, Womack, Weldon & McClish, Austin, for respondent.

Before SHANNON, C.J., and SMITH and BRADY, JJ.

**PER CURIAM.**

Relator, Wimberley Resorts Property, Inc., filed a motion for leave to file petition for writ of mandamus and tendered the petition, pursuant to Tex.Rev.Civ.Stat.Ann. art. 1824 (Supp.1985). This Court subsequently granted the motion for leave to file. By its petition, relator seeks discovery of medical records pertaining to Donald A. Dibble, plaintiff in the trial court. Dibble filed suit against relator and others to recover monetary damages for injuries, including emotional trauma, resulting from a scuba diving accident on relator's property. Relator filed a notice of intention to take deposition by written questions of the custodian of records of Dibble's psychiatrist to discover evidence of Dibble's physical, mental, and emotional condition prior and subsequent to the accident. Tex.R.Civ.P.Ann. 208 (Supp.1985). Dibble filed a motion for protective order claiming privilege under Tex.Rev.Civ.Stat. Ann. art. 5561h (Supp.1985). The district court of Hays County granted the motion and quashed relator's notice of intention to take deposition by written questions. We will conditionally grant the writ of mandamus.

Relator argues that Tex.R.Evid.Ann. 510 (Supp.1985) governs disclosure of mental health information in judicial proceedings and permits discovery in this instance. If Rule 510 does not apply, relator argues, alternatively, that the records are discoverable pursuant to Tex.Rev.Civ.Stat.Ann. 4495b, § 5.08(g)(4) (Supp.1985) and Tex.R. Evid.Ann. 509 (Supp.1985). Dibble, however, argues that art. 5561h of the Mental Health Act is the controlling statute and protects the records from disclosure.

Article 5561h, § 2 provides:

(a) Communication between a patient/client and a professional is confidential and shall not be disclosed except as provided in section 4 of this Act.

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient/client which are created or maintained by a professional are confidential

and shall not be disclosed except as provided in Section 4 of this Act.

None of the exceptions in Section 4 is relevant to the instant cause. Dibble has not waived his privilege of confidentiality nor brought suit against his psychiatrist, and the psychiatrist is not seeking to collect for the services rendered. Art. 5561h, § 4(a) *supra.* There is no dispute as to disclosure under art. 5561h. The question is whether the records are discoverable under other provisions.

Texas R.Evid.Ann. 510, which governs the confidentiality of mental health information, provides:

(b) General rule of privilege

(1) Communication between a patient and a professional is confidential and shall not be disclosed.

(2) Records of the identity, diagnosis, evaluation, or treatment of a patient which are created or maintained by a professional are confidential and shall not be disclosed.

Although the general rule of privilege in Rule 510 is the same as that of art. 5561h, the Supreme Court adopted several exceptions not found in art. 5561h. Rule 510(d)(5) authorizes disclosure when relevant to a proceeding in which the patient "relies upon the [physical, mental or emotional] condition as an element of his claim or defense...." In his second amended original petition, Dibble places his physical, mental and emotional condition in issue and relies upon that condition as an element of his damages. Consequently, if Rule 510 controls, the records are exempt from the general privilege of confidentiality.

Under the order by which the Supreme Court adopted and promulgated Rule 510, art. 5561h is deemed repealed as to civil actions. Nevertheless, Dibble argues that art. 5561h was not repealed by the adoption of the Rules of Evidence. Texas Rev.Civ. Stat.Ann. art. 1731a, § 2 (1962) provides legislative authority for the Supreme Court's power "to make and establish rules of procedure not inconsistent with the laws of the State...." Tex.Cons. art. V, § 25 (1955). Article 1731a, § 2 provides that such rules shall not abridge, enlarge or modify the substantive rights of any litigant. Dibble argues that Rule 510(d)(5) reduces the privilege established by the Legislature and is therefore invalid.

■■■■ We conclude, however, that the repeal of art. 5561h, insofar as it relates to the discoverability or admissibility of evidence in a pending civil action, is within the legislative grant of authority of art. 1731a. *In Ex parte Abell*, 613 S.W.2d 255 (Tex. 1981), the Court stated, "... article 5561h creates a privilege in certain activities growing out of professional medical and psychotherapeutic treatment. It thus relates to the admissibility of evidence and is procedural in nature." *Id.*, at 262. The repeal of art. 5561h as it relates to civil actions was within the court's procedural rule-making power. Furthermore, this Court is bound by the Supreme Court's order reflecting repeal of art. 5561h as if it were a decision of that Court. Tex.Rev. Civ.Stat.Ann. art. 1731a, § 3 (1962). Rule 510 governs disclosures in civil proceedings; art. 5561h governs disclosures in other circumstances. *See Ginsberg v. The Fifth Court of Appeals*, 686 S.W.2d 105 (Tex.1985); *Gaynier v. Johnson*, 673 S.W.2d 899, 903 (Tex.App.1984); Tex.R. Evid.Ann. 101 (Supp.1985); *see* Caperton and McGee, *Background, Scope and Applicability of the Texas Rules of Evidence*, 20 Hous.L.Rev. 49 (1983).

■■■■ For the preceding reasons, we conclude that Rule 510 is the applicable provision. Because the psychiatrist is a professional under Rule 510(a)(1), Dibble is a patient under Rule 510(a)(2), and the communication was in the nature of consultation for the diagnosis, examination, evaluation, or treatment of an emotional or mental condition, the information is within the rule's privilege of confidentiality. Because Dibble has placed his mental or emotional condition in issue by his suit, the information is within the exception of Rule 510(d)(5).

■■■■ As this Court understands, relator has requested only a written deposition

of the custodian of the psychiatrist's records. The district court should set aside the protective order quashing relator's notice of intention to take deposition by written questions, examine the relevant records to determine whether they contain information which may be privileged or non-discoverable for reasons other than discussed here, and then enter an order permitting the deposition with reference to non-privileged materials. This Court assumes that Judge Pfeuffer will comply promptly. If he fails to do so, a writ of mandamus will issue. We are aware that Dibble has requested a trial setting of the cause for May 1, 1985 and assume that the court will set a trial date that allows time for the necessary discovery.