COMPUTER TEACHING CORPORATION, Plaintiff and Counterdefendant-Appellee, v. COURSEWARE APPLICATIONS, INC., Defendant and Counterplaintiff-Appellant.

Fourth District   No. 4—89—0901

Opinion filed June 27, 1990.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Marc J. Ansel, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Courseware Applications, Inc., appeals from the trial court order finding it guilty of contempt for failure to comply with discovery orders. We previously affirmed a trial court order in this case finding plaintiff, Computer Teaching Corporation, in contempt for failure to make payments into an escrow account. (*Computer Teaching Corp. v. Courseware Applications, Inc.* (1989), 191 Ill. App. 3d 203, 547 N.E.2d 718.) We affirm.

Plaintiff and defendant entered into a joint venture for developing and marketing a computer-assisted instruction package. This package was to be derived from plaintiff's computer language authoring program called the LA-System. The agreement between plaintiff and defendant dated March 17, 1983, provided for plaintiff to disclose to

defendant certain proprietary, confidential, and trade secret information relating to the LA-System. Defendant agreed to keep such information confidential and not to use or disclose it except to the extent necessary to carry out the purpose of the joint venture. The agreement acknowledged the information contained in the LA-System was owned solely by plaintiff.

On June 7, 1985, plaintiff and defendant terminated their venture. The termination agreement provided for defendant to assign, sell, and transfer to plaintiff all of its rights, title, and interest in and to the LA-System. After plaintiff and defendant terminated their venture, defendant released and began marketing a computer language authoring system, referred to as UNISON.

Plaintiff brought suit against defendant alleging defendant had continuous access to its LA-system and had copied portions of it in the UNISON program. Plaintiff's complaint stated these copied portions included the structure, sequence, and organization of the overall program, the structure, sequence, and organization of program subroutines, command names, command functions, command arrangements, user interface, screen displays, and menus. Plaintiff sought an injunction against defendant from using, disclosing, selling, licensing, distributing, or otherwise transferring copies of UNISON and the recovery of damages.

Plaintiff's request for discovery sought all documents relating to the design and development of the UNISON program or any forerunner thereof. Defendant refused to comply with this request and, on August 29, 1989, the trial court entered an order enforcing plaintiff's request for production of documents. Defendant provided a partial response to the order by providing a list of publications utilized in the design and development of the UNISON program. Defendant stated the additional information sought was privileged, proprietary material, and irrelevant to the proceedings. Defendant requested an evidentiary hearing to demonstrate the irrelevancy of the request or, alternatively, requested the court hold it in contempt for failure to comply with the discovery order.

The trial court denied defendant's request for an evidentiary hearing and found the requested documents relevant for purposes of discovery. The trial court found defendant and its vice-president Thomas Schaefges to be in civil contempt of the court's discovery order. Defendant and Schaefges were each fined $100. Defendant appeals, alleging discovery should not have been ordered as the trial court could not determine the relevance of the requested documents due to its lack of expertise in the subject matter of the discovery request.

Defendant further asserts plaintiff's discovery request was a fishing expedition into trade secrets.

■■ The supreme court rules authorize broad discovery "regarding any matter relevant to the subject matter involved in the pending action." (107 Ill. 2d R. 201(b)(1).) Discovery is to be a mechanism for the ascertainment of truth and for the purpose of promoting either a fair settlement or a fair trial. (*Pemberton v. Tieman* (1983), 117 Ill. App. 3d 502, 453 N.E.2d 802.) Traditionally, the trial court is accorded great latitude in determining the scope of discovery as discovery presupposes a range of relevance and materiality which includes not only what is admissible at trial but also that which leads to what is admissible at trial. (*Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 443 N.E.2d 1125.) A reviewing court will not interfere with the trial court's discovery rulings absent a manifest abuse of discretion. *M. Loeb Corp. v. Brychek* (1981), 98 Ill. App. 3d 1122, 424 N.E.2d 1193.

■■ Here, the trial court ordered production of all documents relating to the design and development of the UNISON program or any forerunner thereof. Such information is clearly relevant to plaintiff's claim defendant copied portions of the LA-System program in designing and developing the UNISON program. This determination can be readily made from plaintiff's complaint and does not require the assistance of an evidentiary hearing. Defendant cited the purpose of the requested evidentiary hearing would be to give the court an introductory course in computer science stating, "the court did not have a sufficient basis upon which to determine the relevance of the information sought." We find to the contrary, and note the rules of discovery do not provide a trial judge must be an expert concerning all substantive issues brought to court in order to determine relevancy for purposes of discovery. The rules of discovery provide for the trial court to supervise the process, and the trial court here properly did so.

■■ Contrary to defendant's assertion, plaintiff's discovery request was not a fishing expedition into trade secrets. Plaintiff's complaint cited the external portions of the UNISON program which were allegedly copied from the LA-System and its rationale for so believing. Here, discovery is necessary to determine whether additional internal elements may also have been copied. Such information is only accessible through discovery and further serves the goals of ascertaining the truth and promoting a fair settlement or trial. Moreover, the fact the requested discovery may contain trade secrets does not exempt it from these rules. (*Bee Chemical Co. v. Service Coatings, Inc.* (1969), 116 Ill. App. 2d 217, 253 N.E.2d 512.) The supreme court rules provide for protective measures when ordering disclosure of sen-

sitive materials. (107 Ill. 2d R. 201(c)(1).) In this case the trial court appropriately entered a protective order of nondisclosure. While defendant sought an evidentiary hearing, defendant has made no other request for protective measures.

Plaintiff contends defendant waived the objection of relevancy for appeal. We disagree. The record before us indicates these issues were sufficiently raised at the trial court level.

■ A citation of contempt is an appropriate method for testing the propriety of a discovery order. (*Howard v. Forbes* (1989), 185 Ill. App. 3d 148, 541 N.E.2d 685.) Defendant requested the trial court hold it in civil contempt to permit appellate review of the question presented. Accordingly, the technical finding of contempt and the $100 fines entered upon that judgment are vacated. In all other respects, the judgment of the trial court is affirmed.

Affirmed in part; vacated in part.

SPITZ and GREEN, JJ., concur.