FOURTH DIVISION
 MARCH 27, 1997













1-96-0777

VALERIE A. WEBBER, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) Cook County
 )
 v. )
 )
DEAN P. BEDNARCZYK ) Honorable Edwin J.
 ) Richardson, Judge
 Defendant-Appellant. ) Presiding.


 JUSTICE CERDA delivered the opinion of the court:
 
 The defendant appeals a finding by the circuit court of Cook
County that the defendant did not participate in an arbitration
hearing in good faith and in a meaningful manner in violation of
Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) and appeals the
sanction that was entered against him as a consequence. 
Defendant was barred from rejecting the arbitration award as a
sanction. We reverse.
 Plaintiff alleged in her complaint that defendant
negligently collided his car into her car. Defendant denied in
his answer that he was negligent, and he filed an affirmative
defense that plaintiff was contributorily negligent. 
 Both plaintiff's and defendant's depositions were taken.
 On June 27, 1995, discovery was closed, and the cause was
assigned to mandatory arbitration. 
 Defendant filed a Supreme Court Rule 90(c) notice of intent
to offer into evidence at the arbitration hearing plaintiff's
medical reports, which revealed the following. As a child,
plaintiff had poliomyelitis affecting the left leg. In November
1993, plaintiff complained to her doctor of low-back pain and
weakness in her left leg. Her doctor's assessment was "left
sided weakness possibly secondary to polio" and "back strain,
secondary to possible automobile accident." Plaintiff was
referred to another doctor for "evaluation of the polio," and
physical therapy was ordered for the back pain. A December 1993
laboratory report found no electrophysiological evidence of post-
polio syndrome. 
 On September 21, 1995, the arbitrators awarded plaintiff
$10,500. The arbitrators did not make a finding that defendant
participated in bad faith, and the arbitration award did not
state whether plaintiff sought such a finding. Defendant
rejected the award on October 11, 1995. 
 On October 24, 1995, plaintiff filed a motion to strike
defendant's rejection of the arbitration award, and she argued
that defendant denied that he negligently caused the collision
and that defendant filed an affirmative defense claiming that the
plaintiff was contributorily negligent. Plaintiff also argued
that, despite defendant's deposition testimony that he was not
paying attention while driving, in the arbitration hearing
defendant denied liability and argued that plaintiff contributed
to the collision because she failed to keep a proper lookout for
vehicles before she turned left. 
 In her motion, plaintiff also gave the following as reasons
why defendant did not participate in the arbitration in good
faith: (1) prior to the arbitration hearing defendant refused to
admit liability without any basis to do so; (2) defendant failed
to conduct a reasonable investigation of the facts before filing
his frivolous affirmative defenses; (3) defendant failed to
withdraw the affirmative defense after defendant's deposition
clearly established that it was erroneously filed; (4) defendant
argued in a letter written to plaintiff's attorney before
arbitration (a) that plaintiff was referred to a second doctor
for the purpose of evaluating her polio and (b) that only some of
the damages submitted by plaintiff were related to the accident;
(5) at the arbitration hearing defendant did not present any
medical testimony in support of the polio argument, and the
medical records rebutted that argument; (6) defendant introduced
documents pursuant to Supreme Court Rule 90(c) in support of an
argument that plaintiff's childhood polio was a cause of her
medical treatment; and (7) defendant argued without any basis at
the arbitration hearing that plaintiff was contributorily
negligent. 
 At the same time that plaintiff filed the motion to strike,
she filed the following supplemental interrogatories, to which
defendant objected:
 "1. Please state any and all case names and Court
 numbers of any and all cases filed in the Circuit Court of
 Cook County that were assigned to Mandatory Arbitration in
 which the law firm of Galvin, Mordini, Schwartz and Meade
 represented any Defendant sued or which had Allied American
 Insurance Company as an insurer for any sued Defendant.
 2. Please indicate the awards that were entered in the
 disclosed cases in response to Interrogatory number 1 above
 and whether the Defendant, in said cases, accepted or
 rejected the Arbitration Award."
 Plaintiff moved the circuit court on November 28, 1995, for
leave to open discovery for the limited purpose of filing
arbitration interrogatories in an effort to discover relevant
information for plaintiff's motion to strike defendant's
rejection of the award of arbitration. Plaintiff also filed
"additional interrogatories regarding arbitration," which were
identical to the supplemental interrogatories.
 On November 28, 1995, the trial court gave plaintiff leave
to reopen discovery and ordered defendant to answer the
additional interrogatories. 
 On December 21, 1995, defendant filed an emergency motion
for a protective order and for rulings on defendant's objections
to plaintiff's additional interrogatories. The trial court
denied the motion for a protective order and overruled
defendant's objections.
 On January 23, 1996, the trial court granted plaintiff's
motion to strike defendant's rejection of the arbitration award
and barred defendant from rejecting the arbitration award. The
trial court noted orally that a prudent practitioner would have
withdrawn the affirmative defense after the depositions of the
parties were taken. The trial court also noted that the
rejection was not meaningful. The trial court adopted the
reasons argued by plaintiff. Judgment of $10,500 was entered on
the arbitration award, and the trial court further found that
there was no just reason to delay enforcement or appeal. 
 Defendant filed a notice of appeal. 
 
 I. Sanctions
 Defendant first argues on appeal the following. The trial
court abused its discretion in striking its rejection of the
arbitration award. Supreme Court Rule 91(b) (145 Ill. 2d R.
91(b)) was not authority for the sanction because the rule
referred only to the participation of parties at the arbitration
hearing. There was no showing that defendant's participation at
the arbitration hearing was not in good faith, and the bases for
plaintiff's sanctions motion concerned the type of conduct
sanctionable under Supreme Court Rule 137 (155 Ill. 2d R. 137).
 Supreme Court Rule 91 was amended in 1993 to add the
following subsection concerning good-faith participation at
mandatory arbitration hearings held pursuant to supreme court
rules: 
 "(b) Good-Faith Participation. All parties to the
 arbitration hearing must participate in the hearing in good
 faith and in a meaningful manner. If a panel of arbitrators
 unanimously finds that a party has failed to participate in
 the hearing in good faith and in a meaningful manner, the
 panel's finding and factual basis therefor shall be stated
 on the award. Such award shall be prima facie evidence that
 the party failed to participate in the arbitration hearing
 in good faith and in a meaningful manner and a court, when
 presented with a petition for sanctions or remedy therefor,
 may order sanctions as provided in Rule 219(c), including,
 but not limited to, an order debarring that party from
 rejecting the award, and costs and attorney fees incurred
 for the arbitration hearing and in the prosecution of the
 petition for sanctions, against that party." 145 Ill. 2d R.
 91(b). 
 Except perhaps for plaintiff's argument concerning the
documents filed by defendant prior to the hearing pursuant to
Supreme Court Rule 90(c), the grounds argued by plaintiff in the
trial court and reiterated on appeal either do not relate to the
conduct of the arbitration hearing or are unsupported in the
record on appeal. There is no evidence of what transpired during
the hearing. The investigation done before filing the
affirmative defenses, the failure to withdraw the affirmative
defense after defendant's deposition, and the intent to make the
polio argument before arbitration do not relate to defendant's
conduct at the arbitration hearing. 
 There never was a transcript of the arbitration proceedings,
and therefore there is no evidence in the record to support
plaintiff's claims that in arbitration defendant did not admit
liability, that defendant argued that plaintiff was
contributorily negligent, and that plaintiff's polio was the
cause of her medical treatment. Defendant's notice pursuant to
Supreme Court Rule 90(c) that he would offer plaintiff's medical
records at the arbitration was proper, but there is no evidence
that defendant used the medical records at the arbitration. 
 Supreme Court Rule 91(b) provides in part:
 "If a panel of arbitrators unanimously finds that a party
 has failed to participate in the hearing in good faith and
 in a meaningful manner, the panel's finding and factual
 basis therefor shall be stated on the award. Such award
 shall be prima facie evidence that the party failed to
 participate in the arbitration hearing in good faith and in
 a meaningful manner ***." 145 Ill. 2d R. 91(b).
In this case there was no finding by the arbitration panel that
the defendant failed to participate in good faith.
 In this case, if the plaintiff had presented the circuit
court with a petition for sanctions together with a unanimous
finding by the arbitration panel that the defendant failed to
participate in the hearing in good faith, then the circuit court
would have had a basis to enter a sanction after a hearing on the
petition. According to the rule, such a finding in an award
constitutes prima facie evidence of lack of good-faith
participation in the arbitration hearing. The arbitration panel
members are in the best position to judge the participation of
the parties before them. The circuit court, on the other hand,
was not present at the hearing and does not know how the parties
participated and cannot judge their performance--unless it has a
transcript of the proceeding. If a transcript of the arbitration
is provided to the circuit court, perhaps it could enter
sanctions after reading the transcript, the petition for
sanctions, the response thereto, and hearing the arguments of
counsel. However, we do not decide that now. 
 Without knowing everything that transpired during an
arbitration hearing, it is difficult for the circuit court to
make a judgment call without the assistance of the findings of
the arbitration panel members. Supreme Court Rule 91(b) does not
provide for sanctions for what the parties do or do not do prior
to an arbitration hearing. The rule only concerns itself with
what occurs during a hearing. The rule attempts to ensure that
all parties participate in a meaningful manner in an arbitration
hearing. The rule does not attempt to do anything more.
 Plaintiff argues that conduct that is sanctionable under
Rule 137 is the equivalent of bad-faith participation under
Supreme Court Rule 91(b), but there is no case interpreting Rule
91(b) that supports plaintiff's contention. Rule 137 allows
sanctions for attorneys and parties when a pleading, motion, or
paper is signed in violation of the rule. 155 Ill. 2d R. 137. 
The type of conduct sanctionable under Rule 137 is different than
the bad-faith participation at arbitration that is the subject of
Rule 91(b). Plaintiff did not move for Rule 137 sanctions, and
there were no findings by the court that defendant violated Rule
137. We hold that, under Rule 91(b), there was no basis for the
trial court to debar defendant from rejecting the arbitration
award. The order striking the rejection of the arbitration award
is reversed and vacated. 

 II. Interrogatories
 Defendant next argues on appeal that the trial court erred
in ordering defendant's attorneys to respond to the additional
interrogatories seeking information on the law firm's history of
rejection of prior arbitration awards. Defendant argues that the
discovery was improper because it was directed to the attorneys
and not to a party and that the information was not reasonably
calculated to lead to the discovery of admissible evidence. 
 We do not reach the issue whether a defendant's attorney can
be required to answer interrogatories because, even if
interrogatories can be directed to a party's attorney, the
interrogatories should not have been permitted because the
history of the law firm's rejection of prior arbitration awards
was not relevant to whether defendant or defendant's attorney
participated in good faith in this particular arbitration
hearing. The only information that can be discovered is what is
relevant or what can lead to relevant information. Maxwell v.
Hobart Corp., 216 Ill. App. 3d 108, 120, 576 N.E.2d 268 (1991). 
Plaintiff is espousing the untenable proposition that a high rate
of arbitration-award rejections makes it more probable than not
that a law firm's rejection of a later award was not in good
faith. A law firm's rejection of numerous arbitration awards is
more appropriately the subject of attorney disciplinary
proceedings.
 Furthermore, even if the evidence was relevant, Supreme
Court Rule 91(b) provides authority for sanctions only for bad-
faith participation in the hearing and not for the party's bad
faith in rejecting an arbitration award. The comments to the
rule indicate that the subsection was adopted in response to
complaints that parties and lawyers would merely attend hearings
but refuse to participate in arbitration. 145 Ill. 2d R. 91(b),
Committee Comments at lxix. Certainly the integrity of the
arbitration system is threatened by unjustified rejection of
arbitration awards, but Rule 91(b) sanctions are not available to
punish that conduct. 
 The order requiring defendant to answer the additional
interrogatories is reversed and vacated.

III. Protective Order
 Defendant finally argues on appeal that section 2--1003(e)
of the Illinois Insurance Code barred the disclosure of the
information sought by plaintiff in her additional
interrogatories. 735 ILCS 5/2--1003(e) (West 1994).
 We do not need to reach this issue because we have found
that the trial court erred in ordering defendant to answer the
additional interrogatories, which were similar in nature to the
other interrogatories.
 The judgment of the trial court is reversed, and the cause
is remanded for further proceedings. 
 Reversed and remanded.
 McNAMARA and BURKE, JJ., concur.